■ MARLENE GARCIA et al., Appellants, v MARIA ALVAREZ et al., Defendants, and CITY OF NEW YORK, Respondent. [694 NYS2d 53] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about November 19, 1997, which granted defendant City of New York's motion to preclude plaintiffs from offering any testimony at the trial of this action, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion denied.

In this personal injury action, Supreme Court, on November 6, 1997, ordered plaintiffs to appear for deposition on November 10, 1997 at the courthouse. Outside counsel, who represented plaintiffs at the November 6th appearance, advised plaintiffs' counsel of the new date. However, he incorrectly indicated that the deposition would take place at the Corporation Counsel's office. It is uncontroverted that plaintiffs' counsel in fact appeared for the deposition at the Corporation Counsel's office. Thereafter, because plaintiffs' counsel failed to timely appear at the courthouse for the scheduled deposition, Supreme Court granted defendant City of New York's motion to preclude plaintiffs from offering any testimony at the trial of this action. We conclude that this was error and constituted an abuse of discretion.

The record supports the view that the failure to appear was not willful, contumacious, or a result of bad faith (*Cooper v Drobenko Bros. Realty*, 200 AD2d 415). Accordingly, under the circumstances presented, the sanction of preclusion was unwarranted. Concur—Ellerin, P. J., Wallach, Lerner and Friedman, JJ.